IN THE SUPREME COURT OF THE STATE OF MONTANA

FILED

JUL 07 2003

/s/ Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

IN THE MATTER OF REVISING THE RULES )
FOR LAWYER DISCIPLINARY ENFORCEMENT, )    O R D E R
2002 (RLDE 2002) )

Before this Court is a Petition to Adopt Rule Changes to the Rules for Lawyer

Disciplinary Enforcement, 2002 (RLDE 2002), filed by Timothy B. Strauch, Disciplinary

Counsel.

First, Mr. Strauch recommends amending Rules 3, 5 and 10 (RLDE 2002), to provide

that the Office of Disciplinary Counsel (ODC) may dismiss complaints without prejudice

under certain circumstances.

Second, Mr. Strauch recommends amending Rule 9A(8) (RLDE 2002), to include an

assessment of an administrative fee of $750 in all formal disciplinary proceedings, in

addition to an assessment of out-of-pocket costs.

Third, Mr. Strauch recommends amending Rule 13 (RLDE 2002) to allow Review

Panels to consider private admonitions in determining discipline to be recommended in or

imposed in subsequent disciplinary proceedings.

Fourth, Mr. Strauch recommends amending Rule 20 (RLDE 2002), to allow disclosure

of otherwise confidential disciplinary information to ODC, the Lawyers' Fund for Client

Protection Board, and the Commission on Character and Fitness, and other agencies as

designated by the Court. This proposal is based upon the ABA Model Rules for Lawyer

1

Disciplinary Enforcement, Rule 16.

Fifth, Mr. Strauch recommends amending Rule 20 (RLDE 2002), to conform more closely to Model Rule 16 by allowing disclosure of otherwise confidential information where the respondent has waived confidentiality or where the matter is already public.

Sixth, Mr. Strauch recommends amending Rule 20 (RLDE 2002), to conform more closely to Model Rule 16 by allowing disclosure of otherwise confidential information where the proceeding is based upon criminal convictions or reciprocal discipline by another jurisdiction.

Seventh, Mr. Strauch recommends amending Rule 20 (RLDE 2002), by adopting a new rule excluding ODC's or special counsel's opinions and conclusions from admission into evidence in any civil or criminal proceeding. Mr. Strauch has attached to the petition various supporting exhibits.

Finally, by a subsequent recommendation of the COP and ODC, Rule 26A (RLDE 2002) should be amended to clarify that tendered admissions for discipline are subject to approval or rejection by the Supreme Court in all instances except where the discipline is a private admonition with or without imposition of costs of the proceeding.

Pursuant to order of this Court, the Supreme Court's Commission on Practice and the State Bar of Montana have both submitted position statements with respect to Mr. Strauch's Petition to Adopt Rule Changes.

This Court, having considered the Petition and Exhibits and the position statements

2

of the Commission on Practice and the State Bar of Montana, has determined to grant Mr. Strauch's petition amending Rules 3, 5 and 10 (RLDE 2002), with certain modifications suggested by the Commission on Practice; to grant the proposed amendment to Rule 13 (RLDE 2002); to deny the petition to amend Rule 9A(8), to include the assessment of an administrative fee of $750 in all formal disciplinary proceedings in addition to an assessment of out-of-pocket costs; to grant the amendments to Rule 20 (RLDE 2002), and to amend Rule 26A (RLDE 2002) in the manner suggested.

For ease of reference, the present Rules and the amendments thereto are attached as Exhibit A to this Order and by this reference are made a part hereof for all purposes. Stricken language is deleted and underlined language is added. Other than as indicated on Exhibit A, no other amendments have been made to the RLDE 2002.

IT IS ORDERED that the foregoing amendments to the Rules for Lawyer Disciplinary Enforcement 2002 (RLDE 2002), which are attached to this Order, are adopted, effective July 7th, 2003.

IT IS FURTHER ORDERED that the Clerk of this Court shall prepare and mail copies of this Order with the attachment to: Gregory J. Petesch, Code Commissioner for the State of Montana; the Chairman of the Commission on Practice with the request that he distribute this Order to the members of the Commission; the President and Executive Director of the State Bar of Montana with the request that this Order be published in the next available issue of the Montana Lawyer and posted to the Bar's web page; the State Law

Librarian with the request that this Order be posted to the State Law Library web page; the State Reporter Publishing Company with the request that this Order be published in the State Reporter; and West Group with the request that this Order be published in the annual update of Montana Rules of Court.

DATED this 1ᵗʰ day of July, 2003.

_____
Chief Justice

_____

_____
W. William Leaphart

_____
Patricia Cotter

_____
Jim Rice

_____
John Warner

_____
Jim Regnier
Justices

4

## RULES FOR LAWYER DISCIPLINARY ENFORCEMENT

### ADOPTED RULE CHANGES

### RULE 3--REVIEW PANELS: Composition; Powers and Duties; Quorum

**B. Powers and Duties.** A Review Panel shall:

(1) Review the complaint, the response from the lawyer against whom the complaint was made and any reply from the complainant together with other relevant documents and Disciplinary Counsel's intake summary, investigative report and recommendations.

(2) Determine any preliminary and procedural matters.

(3) Refer complaint to Disciplinary Counsel for any further investigation.

(4) Dismiss the complaint when the facts do not appear to warrant disciplinary action.

(5) Request Disciplinary Counsel to prepare and file with an Adjudicatory Panel a formal complaint when the facts appear to warrant disciplinary action.

(6) Request Disciplinary Counsel to prepare and file with an Adjudicatory Panel a complaint proposing interim suspension in an appropriate case.

(7) Hear and determine requests for review pursuant to Rule 10C(3) and for reconsideration pursuant to Rule 14.

(8) Authorize the stay of disciplinary proceedings for good cause shown pursuant to Rule 28.

(9) Conduct show cause hearings when a lawyer has refused to respond to inquires from the Office of Disciplinary Counsel or the Commission.

(10) Notify parties of action by a Review Panel.

### RULE 5--OFFICE OF DISCIPLINARY COUNSEL

**B.** **(5)** Dismiss if the information, if true, would not constitute misconduct or incapacity; or recommend discipline;

**(8)** Notify promptly the complainant and the lawyer that an investigation is to be initiated by Disciplinary Counsel or, where Disciplinary Counsel dismisses, provide a concise written statement of the facts and reasons a matter has been dismissed;

1

**C. Prohibited Activities.** Disciplinary Counsel shall not have authority to render advisory opinions, either orally or in writing; ~~to dismiss a complaint~~; or to impose any form of discipline on a lawyer.

## RULE 10--OFFICE OF DISCIPLINARY COUNSEL PROCEDURE

**B. Preliminary Review and Processing of Informal Complaints.** The Office of Disciplinary Counsel shall conduct a preliminary review of each written complaint received by the Office and determine whether the complaint involves a matter that is within the disciplinary jurisdiction of the Court. ~~; and (2) Where the complaint does not appear to be within the disciplinary jurisdiction of the Court, advise the complainant in writing and determine whether the complainant still wishes to proceed with the complaint.~~

**C. Investigation.** ~~When the complaint appears to be within the disciplinary jurisdiction of the Court or where the complainant otherwise wishes to proceed with the complaint, Disciplinary Counsel shall:~~

(1) All investigations shall be conducted by or under the authority and direction of Disciplinary Counsel. Upon such investigation as Disciplinary Counsel deems appropriate, he or she may:

(a) (1) Send the complaint to the lawyer against whom the complaint is made;

(2) Send the lawyer's response to the complainant and, if appropriate, request his or her reply to the lawyer's response;

(3) Prepare an intake summary; and

(4) Conduct an investigation and prepare an investigative report; or

(b) With or without some or all of the process set forth in Rule 10C(1)(a), dismiss the complaint without prejudice, where the complaint does not appear to be within the disciplinary jurisdiction of the Court, or the facts do not appear to warrant disciplinary action.

(2) Notice of Disposition. In the event of a dismissal, Disciplinary Counsel shall give written notice to the complainant and to the respondent of the dismissal, stating the reasons for the action taken, and advising the complainant of the right to request review of the dismissal, or to file an amended complaint.

(3) Request for Review. The complainant may file a written request for review of Disciplinary Counsel's dismissal within 30 days of the notice of

disposition pursuant to Rule 10C(2). Disciplinary Counsel's dismissal shall be reviewed by a Review Panel upon the record before it. The Review Panel may approve, disapprove, or modify Disciplinary Counsel's disposition.

**D. Review Panel Proceeding.** Disciplinary Counsel shall:
(1) Prepare recommendations to a Review Panel; ~~including a recommendation of dismissal when the complaint does not warrant disciplinary action;~~
(2) Present the intake summary, investigative report and recommendations to a Review Panel, orally supplementing them at the request of a Review Panel; and
(3) Conduct further investigation at the request of a Review Panel.

## RULE 13--PRIVATE ADMONITIONS

At any time before initiation of formal disciplinary proceedings, an Adjudicatory Panel, in its discretion, may give a private admonition to the lawyer in the name of the Supreme Court, either orally or in writing, with or without imposition of costs of proceedings, and may require the lawyer to appear personally before an Adjudicatory Panel to receive the admonition. Thereupon, the matter shall be deemed terminated except that the Commission shall maintain a record of such admonition which record may be considered by Adjudicatory Panels and Review Panels in determining discipline to be recommended or imposed in any subsequent disciplinary proceeding involving the lawyer. Private admonitions are not appealable.

## RULE 20--ACCESS TO DISCIPLINARY INFORMATION

**A. Confidentiality.** All disciplinary proceedings which are prior in time to the filing of a formal complaint with the Clerk of the Supreme Court shall be confidential, except that the pendency, subject matter, and status of an investigation may be disclosed by Disciplinary Counsel if:
(1) The respondent has waived confidentiality;
(2) The proceeding is based upon allegations that include either the conviction of a crime or reciprocal discipline;
(3) The proceeding is based upon allegations that have become generally known to the public; or
(4) There is a need to notify another person or organization, including the Lawyers Fund for Client Protection Board or the Commission on Character and Fitness, in order to protect the public, the administration of justice, or

3

the legal profession.

Upon the filing of a formal complaint, the Commission's entire file on the matter shall be subject to discovery.

**E. Admissibility in Other Proceedings.** The conclusions, opinions and recommendations of Disciplinary Counsel or any investigator or special counsel acting on behalf of the Office of Disciplinary Counsel while acting in those capacities are not relevant or admissible for any purpose in any quasi judicial or judicial forum, exclusive of the Commission on Practice and the Montana Supreme Court in a disciplinary action.

## RULE 26--DISCIPLINE BY CONSENT

**A. Adjudicatory Panel Approval of Tendered Admission.** A lawyer concerning whom an investigation is being conducted because of allegations of misconduct, or against whom formal disciplinary proceedings have been filed may tender a conditional admission to the complaint or to a particular count thereof in exchange for a stated form of discipline. The tendered admission shall be submitted to an Adjudicatory Panel. An Adjudicatory Panel may refer the tendered admission to the Disciplinary Counsel for recommendations. The Adjudicatory Panel may either approve or reject the tendered admission. The Adjudicatory Panel, with the lawyer's consent, may hold a private hearing for the purpose of obtaining information to aid the Adjudicatory Panel in determining whether to approve or reject the tendered admission. If the tendered admission is approved by the Adjudicatory Panel, such approval shall be final if the stated form of discipline is private admonition, ~~but shall, if the stated form of discipline includes disbarment, suspension or public censure,~~ with or without imposition of costs of the proceeding; but, in all other instances the tendered admission shall be subject to approval or rejection by the Supreme Court. If the stated form of discipline is rejected by either the Adjudicatory Panel or the Supreme Court, the admission shall be deemed withdrawn and cannot be used against the lawyer in any subsequent proceedings.